Butta v. Holder

BIA
A076 197 761

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18ᵗʰ day of September, two thousand thirteen.

PRESENT:
    JOSÉ A. CABRANES,
    RAYMOND J. LOHIER, JR.,
    CHRISTOPHER F. DRONEY,
        *Circuit Judges.*

_____

MOHAMMAD RASHID BUTTA,
        *Petitioner,*

        v.                                11-5353
                                          NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Melinda M. Basaran, Paterson, NJ.

FOR RESPONDENT:        Stuart F. Delery, Acting Assistant Attorney General; Ernesto H. Molina, Jr., Assistant Director; Nancy N. Safavi, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Mohammad Rashid Butta, a native and citizen of Pakistan, seeks review of a November 29, 2011, order of the BIA, denying his motion to reopen his removal proceedings. *In re Mohammad Rashid Butta*, No. A076 197 761 (B.I.A. Nov. 29, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (per curiam). An alien seeking to reopen proceedings is required to file a motion to reopen no later than 90 days after the date on which the final administrative decision was rendered. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). There is no dispute that Butta's motion to reopen, filed in 2011, was untimely, because the BIA issued a final order of removal in Butta's case in 2005. Butta contends, however, that he has established changed circumstances excusing his untimely motion to reopen, namely, materially worsened conditions in

2

Pakistan for moderate Muslims who reject extremist ideology. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii).

The BIA did not err in declining to credit Butta's generalized, uncorroborated statements in his affidavit that he is a moderate Muslim in light of the agency's underlying adverse credibility determination. As Butta notes, we have held that a prior adverse credibility determination does not necessarily preclude a finding of a well-founded fear of persecution when the new claim rests on a factual predicate "independent of the testimony the [immigration judge] found not to be credible." *Paul v. Gonzales*, 444 F.3d 148, 154 (2d Cir. 2006). However, this does not mean that the prior adverse credibility determination is never relevant to the agency's assessment of evidence supporting a new asylum claim, as we have also held that the agency may consider prior false documents or testimony in deciding whether to credit "'uncorroborated or unauthenticated evidence.'" *Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 147 (2d Cir. 2007) (quoting *Siewe v. Gonzales*, 480 F.3d 160 (2d Cir. 2007)). Here, the BIA appropriately considered the underlying adverse credibility determination in declining to rely on

3

Butta's brief, conclusory statement in his affidavit that he was a moderate Muslim who would be persecuted on account of his religion, where he submitted no other corroboration of his religious beliefs. Because evidence of Butta's religious beliefs was necessary to assess whether he established a material change in conditions that affected his eligibility for asylum, the BIA did not err in finding that Butta did not establish changed circumstances warranting reopening of his proceedings. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3).

Butta also argues that the BIA erred in finding, in the alternative, that Butta's country conditions evidence did not establish changed conditions in Pakistan for a person in his circumstances. While the BIA's analysis of the country conditions evidence does not clearly address whether Butta established materially worsened country conditions for moderate Muslims, *see Poradisova v. Gonzales*, 420 F.3d 70, 77, 81-82 (2d Cir. 2005), we decline to remand on this basis, as the BIA's finding that Butta's affidavit was not reliable, and thus that he did not adequately establish his religious beliefs, was dispositive of his motion, and is a sufficient basis for the agency's decision. *See Cao He Lin*

4

*v. U.S. Dep't of Justice*, 428 F.3d 391, 401 (2d Cir. 2005) (despite error, remand is not required where the agency adopts an "alternative and sufficient basis" for its decision).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk